IN THE UNTIED STATES COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

**DESSIE R. ARMSTRONG,**
    **Plaintiff,**

v.                                        Civil Action No. 1:09-cv-00131

**MGC MORTGAGE, INC. AND**
**WILSHIRE CREDIT CORPORATION,**
    **Defendants.**

## ORDER/OPINION

On June 2, 2010, Defendant MGC Mortgage, Inc. "MGC" filed a Motion to Compel the Deposition of Plaintiff Dessie R. Armstrong [Docket Entry 93]. On June 21, 2010, Plaintiff, Dessie R. Armstrong ("Armstrong") filed her Response to the Motion to Compel and Motion for Protective Order [Docket Entry 96]. This matter has been referred to the undersigned United States Magistrate Judge by Order dated April 1, 2010 [Docket Entry 72].

**Procedural History**

Armstrong filed a complaint against MGC in State court on July 30, 2009. Defendants removed this case to this Court on September 3, 2009. Armstrong served her first discovery requests on October 21, 2009, and MGC filed its first discovery requests on October 22, 2009. Pursuant to the parties' own Report of Planning Meeting, discovery, including any depositions, was to be concluded by July 8, 2010. The Court entered a Scheduling Order on November 25, 2009, setting the discovery deadline as August 30, 2010.

## Facts

On February 25, 2010, Armstrong noticed the deposition of each defendants' 30(b)(6) designee. On March 2, 2010, MGC noticed the depositions of Armstrong and her daughter, Jennifer Spinelli for March 16, 2010. Ms. Armstrong's deposition was to begin at 9:00am, and Ms. Spinelli's

at 3:30, that same date. There is no record and no exhibits from either party reflecting any objection at that time to the depositions or the order in which they occurred. According to MGC's Exhibit D, however, on March 15, 2010, the day before the depositions were scheduled to take place, counsel for Ms. Armstrong emailed MGC's counsel, advising that both Armstrong and Spinelli, as well as other family members, had been "stricken with an illness that likely will make it impossible for them to participate in a deposition tomorrow . . . . That being the case, could we reschedule the depos for another time in the near future?" Notably, there is, again, no objection to Armstrong's deposition or the order in which depositions would be taken.

> MGC's counsel responded that same date (March 15, 2010):
>
> Sorry to hear about the illness. Of course we can reschedule . . . . How about April 14, 27, 28, or 29 for the depositions? Would any of those dates work? . . . .
>
> On March 15, 2010, Armstrong's counsel responded:
>
> Thanks for getting back to me. Just to confirm, then, the depos for tomorrow are off. I will get new possible dates as soon as I can get with those folks.

Yet again, there is no objection to Armstrong's deposition taking place or in what sequence the depositions would take place. In fact, counsel's communication would lead one to believe that the depositions were unobjectionable, and were simply being continued at Plaintiff's own request.

> On April 8, 2010, Armstrong's counsel wrote to MGC's counsel as follows:
>
> In the matter of Armstrong v. MGC Mortgage and Wilshire, the Plaintiff's medical condition is such that she must execute a power of attorney for her daughter, Ms. Spinelli, to act on her behalf in this matter. As you know, Ms. Spinelli has knowledge of the facts of the case, as she was helping her mother manager [sic] her affairs during the time of the developments giving rise to this case. All of that said, would you consent to the filing of a simple amended complaint whereby Ms. Spinelli is the named Plaintiff as power of attorney for Ms. Armstrong?
>
> Also in response to Nick's earlier inquiry about rescheduling depositions, we could schedule Ms. Spinelli's deposition for April 14, April 27, or April 29. Also, if we could limit her deposition to the afternoon, April 28 would work . . . . Please be

advised that Ms. Spinelli is scheduled to have surgery in about a month and will be out of commission for a few weeks afterward.

On April 12, 2010, co-defendant Wilshire's counsel wrote to Armstrong's counsel, asking, in part: "Also, is Ms. Armstrong now not available to be deposed? Please let me know, one way or the other."

On April 12, 2010, Armstrong's counsel wrote to co-defendant Wilshire's counsel that Ms. Armstrong was "not available for deposition."

On April 19, 2010, MGC's counsel wrote to Armstrong's counsel:

> . . . I have a question about Ms. Armstrong's depositions. I completely understand having health problems and don't want to make things any harder than they have to be, but I question whether the defendant can adequately defend the case without deposing Ms. Armstrong. It's her account at issue, and she seems like one of, if not the, ultimate fact witness form the plaintiff's standpoint. I don't know if we can go forward without deposing her. What do you guys think?

To which Armstrong's counsel replied that same date:

> I disagree. Her daughter will be the ultimate fact witness. Her daughter primarily dealt with the loan payments and the servicer.

On May 13, 2010, MGC's counsel wrote:

> Also, I wanted to let you know that we have carefully though through the request that the defendants refrain from deposing Ms. Armstrong at this time and until after Ms. Spinelli is deposed. Based on the facts to date and our investigation into those facts, we believe that we need to depose Ms. Armstrong first. We certainly understand that this is a delicate issue, and we are committed to making whatever reasonable accommodations are needed for this depositions. Please let us know what accommodations would be needed and when that deposition could take place.

Armstrong's counsel responded simply:

> Please explain to us Nick why you think you need to depose Ms. Armstrong first.

## Discussion

MGC moves the Court to compel Ms. Armstrong to testify at a deposition. Armstrong counters:

> The Plaintiff . . . is in failing health, having recently been released from the hospital after suffering from a heart attack. She is under doctor orders to minimize stress the best she can. Her daughter and power of attorney, Jennifer Spinelli, lives and cares for her mother [sic]. Because of Ms. Armstrong's failing health, the Plaintiff has sought to have her daughter, as power of attorney, continue to pursue this action on her behalf. The Defendants have refused to consent to Ms. Spinelli to be substituted as the party in this case.
>
> Additionally, Ms. Spinelli was the individual who dealt with the Defendant throughout the time periods relevant to this action. Consequently, in terms of fact witnesses, Ms. Spinelli possess [sic] all the information about the transactions that are at issue in this case. In addition to her poor health, Ms. Armstrong simply does not have first hand knowledge about the events that led to her foreclosure.
>
> In light of the fact that Ms. Spinelli has more knowledge about the issues in this case, and Ms. Armstrong [sic] poor health, Plaintiffs have requested that the Defendants depose Ms. Spinelli and then make a determination whether it is necessary to conduct Ms. Armstrong's deposition. Defendants have refused. There is only one reason why the Defendants would not want to obtain first the deposition of an individual with the most knowledge about the case; harassment of Ms. Armstrong. As is more fully discussed below, Defendant's motion to compel should be denied and the Defendants should be required to first take the deposition of Ms. Spinelli. After Ms. Spinelli's deposition the Defendants should be required to demonstrate a need for Ms. Armstrong's deposition.

(Plaintiff's brief at 1-2).

In none of Armstrong's original emails did she or her counsel object to the deposition being taken or the order of the depositions. In none of the original emails requesting a rescheduling of the depositions did Armstrong state that Spinelli knew more about the facts than her mother. In the first relevant email Armstrong's counsel stated only that Ms. Spinelli was <u>helping</u> her mother manage her affairs at the time in question. In fact, in Armstrong's own brief, she states:

> In describing the plaintiff's actions here, the term "Plaintiff" refers to actions of the plaintiff herself and/or actions taken on her behalf by her daughter while her daughter

was <u>helping</u> the Plaintiff manage her affairs.

(Plaintiff's brief at fn.1).

Armstrong first argues that MGC's motion to compel is premature because:

> The previous deposition of Dessie Armstrong was continued upon agreement of the parties . . . [and] [n]o further notice of depositions has been filed. Additionally, counsel has never refused to make Ms. Armstrong available. The plaintiffs have only requested that Ms. Spinelli first be deposed and then Defendants determine whether Ms. Armstrong's deposition is necessary. Because there is no notice [of] deposition filed and because counsel has not refused to make Ms. Armstrong available for deposition, Defendant's motion to compel is premature.

Certainly, the more proper and easier procedure for MGC's counsel would have been simply to notice Armstrong's deposition without asking for any dates from her counsel. Then, if she did not appear, MGC could have filed its Motion to Compel, along with its Motion for Costs and Fees for Armstrong's non-appearance. The Court finds Armstrong's argument disingenuous. Her deposition was properly noticed. There was absolutely no objection to the deposition or the order of the depositions. The day before the depositions were to take place, Armstrong herself asked for it to be rescheduled and MGC immediately agreed. This agreement was not exactly a rescheduling upon joint agreement of the parties, as Armstrong argues, but instead was in response to Armstrong's request. On March 15, Armstrong's counsel agreed to get back with MGC's counsel with new dates. Only 24 days later did Armstrong's counsel suddenly state she was unavailable. After that date, Armstrong's counsel refused to provide any dates for Armstrong's deposition, as earlier agreed, and insisted on Spinelli being deposed first.

The Court under these circumstances does not find MGC's Motion to Compel premature because it had not sent out a new notice of deposition and waited for Armstrong to fail to appear to file its motion to compel. In fact, however, it appears to the Court that MGC was requesting dates in order to accommodate Armstrong, not to, as she alleges, solely in order to harass her.

The Court therefore does not find MGC's Motion to Compel premature.

Armstrong next expressly argues:

Defendants Should Be Required to Take Jennifer Spinelli's Deposition First and Then Determine Whether They Need to Depose the Ailing Ms. Armstrong.

Again, until the final two emails, Armstrong's counsel never objected to her deposition or the order of the depositions, and never stated that Spinelli did more than "help" her mother "manage her affairs" during the time.

Fed. R. Civ. P. 30(a)(1) provides that a party may, by oral questions, depose <u>any person</u>, including a party, without leave of court except as provided in Rule 30(a)(2). None of the exceptions in 30(a)(2) apply in this matter. (Emphasis added). Further, pursuant to 26(d), "methods of discovery may be used in <u>any sequence</u>." (Emphasis added). The rules do not place any initial burden on parties to justify their deposition and discovery requests. See <u>In re Subpoena Issued to Dennis Friedman</u>, 350 F.3d 65 (2nd Cir. 2003).

Fed. R. Civ. P. 26(c) provides that a party may move for a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." The Fourth Circuit has declared that "[d]iscovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted." <u>Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.</u> 334 F.3d 390 (4th Cir. 2003). The burden is on the party resisting the discovery. <u>In re Wilson</u>, 149 F.3d 249 (4th Cir. 1998). Although Armstrong states that she "is in failing health, having recently been released from the hospital after suffering from a heart attack [and that] she is under doctor orders to minimize stress the best she can[,]" it appears to the Court that Armstrong's response to the motion to compel is the first time this explanation has been provided. Further, Armstrong includes absolutely no support for this assertion. The Court is not unsympathetic to a 75-year-old- widow's poor health,

but will not deny a defendant the right under the rules to depose the sole plaintiff in an action based on such limited information.  Nor shall the Court order MGC to conduct its discovery in a specific sequence based upon such limited information.

MGC's Motion to Compel Deposition of Plaintiff Dessie R. Armstrong [Docket Entry 93] is therefore **GRANTED**.

The Court notes that the dates suggested by MGC for Armstrong's deposition are most likely no longer feasible due to the passage of time.  The Court therefore directs counsel for Armstrong, within fourteen (14) calendar days, to provide dates and times Ms. Armstrong and Ms. Spinelli will be available for depositions, the depositions to occur on or before July 30, 2010.  If counsel for Ms. Armstrong refuses or otherwise fails to provide dates, MGC is directed to unilaterally notice the depositions, if it so desires.

The Clerk is directed to provide copies of this order to all counsel of record.

It is so **ORDERED.**

Dated: June 24, 2010

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE