IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DESSIE R. ARMSTRONG

    Plaintiff,

v.                                         Civil Action No. 1:09CV131
                                                        (STAMP)

MGC MORTGAGE, INC.,
WILSHIRE CREDIT CORPORATION,
and JOHN DOE HOLDER,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT**

I. Background

The plaintiff, Dessie R. Armstrong, filed a complaint alleging loan servicer abuse resulting in an allegedly wrongful foreclosure. The plaintiff has now filed a motion to file a second amended complaint in which her daughter, Jennifer Spinelli, becomes the named plaintiff as assignee of Dessie Armstrong's claims.[1] The defendants filed responses in opposition to which the plaintiff replied. For the reasons set forth below, the plaintiff's motion for leave to amend her complaint is granted in part and denied in part.

II. Applicable Law

Federal Rule of Civil Procedure 15(a)(1)(A) states, in pertinent part, that "[a] party may amend its pleading once as a

---

[1] Also pending in this civil action is the plaintiff's motion to reconsider Magistrate Judge Kaull's June 24, 2010 order and for a protective order precluding the deposition of the plaintiff. Magistrate Judge Kaull will decide that motion by separate order.

matter of course . . . before being served with a responsive pleading." If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

Rule 25(c) provides, in pertinent part, that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Pursuant to Rule 25(c), this Court, "if it sees fit, may allow the transferee to be substituted for the transferor. It also is free, if it wishes, to retain the transferor as a party and to order that the transferee be made an additional party." 7C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1958 (3d ed. 1998).

2

III. Discussion

The plaintiff has assigned her claims to her daughter, Jennifer Spinelli.[2] The plaintiff seeks to amend her complaint to substitute her daughter as the plaintiff in this action. The proposed second amended complaint alleges causes of action for breach of contract, fraud, negligent misrepresentation, reckless/intentional infliction of emotional distress, illegal debt collection, and failure to credit payments. She contends that her claims of breach of contract, fraud, and negligent misrepresentation are assignable to the extent that they seek to recover economic damages. She claims that these causes of action are property rights that are assignable. The defendants filed responses in opposition to the motion, arguing that the substitution would create new relationships among the parties, would do nothing to facilitate the litigation, and would create confusion. The defendants also argue that the claims are not assignable. In her reply brief, the plaintiff agrees with the defendants that the claims for intentional infliction of emotional distress, illegal debt collection, and failure to credit payments are not assignable to Spinelli.

This Court finds that Count I, a claim for breach of contract is assignable. See Syl. pt. 1, Poling v. Condon-Lane Boom & Lumber Co., 47 S.E. 279 (W. Va. 1904) (finding that "a contract in which

---

[2]The plaintiff assigned her claims by a written document attached as an exhibit to the motion to file a second amended complaint.

3

the delectus personae is not material, and which is for services that may be as well performed by one person as another, is assignable, unless the assignment thereof be prohibited by the terms of the contract"). This amendment does not constitute an unfair surprise or prejudice to the defendants. After a review of the record, this Court concludes that the plaintiff has not exhibited any undue delay, bad faith, or dilatory motive. Moreover, the prejudice to the defendants is not significant as to prevent this Court from allowing the amendment, and this Court cannot conclude that the plaintiff's amendment would be futile. This Court also notes that the "decision to order substitution is a matter within the sound discretion of the court." <u>Comsat Corp. v. Melbourne Int'l Communications</u>, 2004 WL 1124946 (D. Md. May 13, 2004). In this case, this Court believes that substitution is appropriate because of the valid written assignment of the breach of contract claim and because of the factors discussed in analyzing whether to amend pursuant to Rule 15. Accordingly, this Court grants the plaintiff's motion to file a second amended complaint to substitute Jennifer Spinelli for Dessie R. Armstrong as to Count I.

However, this Court must deny the plaintiff's motion to substitute Jennifer Spinelli for Dessie R. Armstrong as to the remaining counts of the proposed second amended complaint. The plaintiff argues that her claims for fraud and negligent misrepresentation are assignable to her daughter. The plaintiff believes that her fraud and negligent misrepresentation claims are

"claims concerning property rights" because she seeks the recovery of specific economic damages. The plaintiff agrees with the defendants that any personal damages arising under her fraud and negligent misrepresentation claims are not assignable. She instead asserts that her claims for economic damages are damages to her specific property and arise out of contract. This Court disagrees. The plaintiff cites <u>Hereford v. Meek</u>, 52 S.E.2d 740, 750 (W. Va. 1949), to support her argument. This Court does not agree with the plaintiff's reading of <u>Hereford</u>. The plaintiff cites a portion of a sentence which states, "nothing is assignable, either at law or in equity, which does not directly or indirectly involve a right to property . . ." The plaintiff contends this portion of a sentence means that claims involving a right to property are assignable. However, the remainder of that sentence states that the statute at issue in the case, which involves survivability, not assignability, was not intended to transform a right of action into a property right. The statute reads, "[n]othing contained in this section shall . . . give the right to assign a claim for a tort not otherwise assignable." W. Va. Code § 55-7-8a(f). The <u>Hereford</u> court recognized that such a tort claim, under the rule of the common law, is not assignable. <u>Hereford</u>, 52 S.E.2d at 750. Section 55-7-8a(f) of the West Virginia Code expressly addresses survivability. <u>See</u> <u>S. Farm Bureau Cas. Ins. Co. v. Wright Oil Co., Inc.</u>, 454 S.W.2d 69, 70 (Ark. 1970) (citing <u>Hereford</u>, 52 S.E.2d 740) (stating that in "West Virginia, the legislature has taken

5

pains to declare that survivability does not give the right to assign a tort claim not otherwise assignable. Under such statutes assignability and survivability have been kept separate."). The Hereford court acknowledged this when it stated that "[n]o statute has come to the attention of this Court which gives it assignability or removes it from the operation of the common-law rule."

Accordingly, because the remaining claims are not assignable, this Court denies the plaintiff's motion to substitute Jennifer Spinelli for Dessie R. Armstrong as to the remaining counts in the proposed second amended complaint as amendment would be futile as to the remaining counts.

IV. Conclusion

For the reasons set forth above, the plaintiff's motion to file second amend complaint is GRANTED IN PART and DENIED IN PART. The plaintiffs are DIRECTED to file with this Court a new second amended complaint that follows the order of this Court on or before **November 1, 2010** and to serve that second amended complaint on the defendants. The second amended complaint should contain the assigned claim for breach of contract by Jennifer Spinelli and any claims which plaintiff Dessie Armstrong continues to maintain, which are the remaining claims. If the plaintiff desires to withdraw any claims, the plaintiff should withdraw those claims by separate pleading and need not include those claims in the second amended complaint. The parties served with the second amended

complaint shall make any defenses pursuant to Federal Rule of Civil Procedure 12 and any counterclaims or cross-claims pursuant to Federal Rule of Civil Procedure 13.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     October 22, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE